IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS W. MILLER AND<br>LESLIE J. MILLER<br>   *Plaintiffs*, | )(<br>)(<br>)(<br>)( | |
| vs. | )(<br>)( | CIVIL ACTION NO. 4:22-CV-00126 |
| ALLSTATE TEXAS LLOYDS,<br>   *Defendant.* | )(<br>)( | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Douglas W. Miller and Leslie J. Miller, ("Plaintiffs"), and file **Plaintiffs' First Amended Complaint**, complaining of Allstate Texas Lloyds ("Allstate Texas Lloyds") and for cause of action, Plaintiffs respectfully show the following:

### PARTIES

1. Plaintiffs, Douglas W. Miller and Leslie J. Miller, reside in Harris County, Texas.

2. Defendant, Allstate Texas Lloyds, is an insurance company engaged in the business of insurance in the State of Texas. Allstate Texas Lloyds is property before this Court.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over Allstate Texas Lloyds because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate Texas Lloyds's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

4. Subject matter jurisdiction is founded upon 28 U.S.C. § 1332 which gives district courts diversity jurisdiction over civil actions arising under state law, between citizens of different States, and alleging damages of more than $75,000 exclusive of interest and costs.

5. The events giving rise to this lawsuit occurred in Harris County, Texas, which sits in the Houston Division of the Southern District of Texas.

6. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

## NOTICE AND CONDITIONS PRECEDENT

7. Plaintiff has provided Texas statutory notice of the claim to Defendants in this Complaint and said notice was provided to Defendants more than sixty days prior to this Complaint being filed.

8. All conditions precedent necessary to maintain a claim under the insurance policy in question have been performed, occurred, or have been waived by Defendants.

## FACTS

9. Plaintiffs assert claims for breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

10. Plaintiffs owned an Allstate Texas insurance policy, number 000216395877 (the "Policy"). At all relevant times, Plaintiffs owned the insured premises located at 8606 Glascock Lane, Houston, Texas 77064 (the "Property").

11. Allstate Texas or its agent sold the Policy, insuring the Property, to Plaintiffs. Allstate Texas represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' property. Coverage for windstorm, wind and hail began June 25, 2019 and ended June 25, 2020 (the "Policy Period"). Allstate Texas has refused the full extent of that coverage currently owed to Plaintiffs.

12. During the Policy Period, the Property sustained extensive damage resulting from a severe

storm that passed through the Houston, Texas area. Various weather sources and local television news outlets issued multiple severe thunderstorm warnings, as well as tornado watches for the area. This storm produced large hail, damaging winds and isolated tornadoes. It was reported that 1.75" hail fell in west Harris County.

13. In the aftermath of the wind and hailstorm, and once Plaintiffs became aware of damage to their home, Plaintiffs submitted a claim to Allstate Texas Lloyds against the Policy for damage to the Property during the Policy Period. Allstate Texas Lloyds assigned claim number 0612078774 VCH to Plaintiffs' claim.

14. Plaintiffs asked Allstate Texas Lloyds to cover the cost of damage to the Property pursuant to the Policy.

15. Damaged areas of the property included, but are not limited to, the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: living room, office, and shed.

16. Allstate Texas Lloyds assigned or hired William Duncan to adjust the claim.

17. Allstate wrote a full claim denial and sent correspondence to Plaintiff's reflecting their decision. Allstate cites that there was "no physical damage" to the Property.

18. Allstate Texas Lloyds conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

19. Plaintiffs were left without adequate funds to make repairs on the entirety of their claim. To date, Plaintiffs have received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $35,271.20.

20. Allstate Texas Lloyds has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

21. As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Allstate Texas Lloyds failed to provide full coverage due under the Policy.

22. As a result of Allstate Texas Lloyds's failure to provide full coverage, along with Allstate Texas Lloyds's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

23. Allstate Texas Lloyds failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Allstate Texas Lloyds refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

24. Defendants' misrepresentations on the extend and cause of damages, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate Texas Lloyds and Plaintiffs.

25. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiffs' claim in a fair manner, even though Defendants were aware of their liability to Plaintiffs under the Policy. Specifically, Defendants have failed to timely pay Plaintiffs'

coverage due under the Policy.

26. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

27. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiffs under the terms of the Policy. Specifically, Allstate Texas Lloyds, through its agents, servants, and representatives, namely William Duncan, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

28. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

29. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received full payment for the claim.

30. Defendants' wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## **CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE TEXAS LLOYDS**

## BREACH OF CONTRACT

31. All allegations above are incorporated herein.

32. Allstate Texas Lloyds is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate Texas Lloyds and Plaintiffs.

33. Allstate Texas Lloyds's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34. All allegations above are incorporated herein.

35. Allstate Texas Lloyds's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

36. Allstate Texas Lloyds's unfair settlement practice of misrepresenting to Plaintiffs' material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37. Allstate Texas Lloyds's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38. Allstate Texas Lloyds's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39. Allstate Texas Lloyds's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

40. All allegations above are incorporated herein.

41. Allstate Texas Lloyds's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

42. Allstate Texas Lloyds's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

43. Allstate Texas Lloyds's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44. All allegations above are incorporated herein.

45. Allstate Texas Lloyds's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

46. Allstate Texas Lloyds's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Allstate Texas Lloyds knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

47. All allegations above are incorporated herein.

48. Allstate Texas Lloyds's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Allstate Texas Lloyds pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Allstate Texas Lloyds.  Specifically, Allstate Texas Lloyds's violations of the DTPA include, without limitation, the following matters:

    A. By its acts, omissions, failures, and conduct, Allstate Texas Lloyds has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Allstate Texas Lloyds's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

    B. Allstate Texas Lloyds represented to Plaintiffs that the Policy and Allstate Texas Lloyds's adjusting and investigative services had characteristics or benefits that

      they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

  C.  Allstate Texas Lloyds also represented to Plaintiffs that the Policy and Allstate Texas Lloyds's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

  D.  Furthermore, Allstate Texas Lloyds advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

  E.  Allstate Texas Lloyds breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

  F.  Allstate Texas Lloyds's actions are unconscionable in that Allstate Texas Lloyds took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Allstate Texas Lloyds's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

  G.  Allstate Texas Lloyds's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

49.  Each of the above-described acts, omissions, and failures of Allstate Texas Lloyds is a producing cause of Plaintiffs' damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

50. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

51. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

52. Since the claim was made, Allstate Texas Lloyds has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

53. Defendants made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiffs suffered damages as a result.

54. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

55. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

56. The damage to Plaintiffs' Property is currently estimated at $35,271.20.

57. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

58. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

59. For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate Texas Lloyds owed, and exemplary damages.

60. Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.

61. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance

Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

62. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Houston Division of the Southern District of Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, Allstate Texas Lloyds be cited and served to appear, and that upon trial hereof, Plaintiffs, Douglas W. Miller and Leslie J. Miller, have and recovers from Defendants, Allstate Texas Lloyds, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Douglas W. Miller and Leslie J. Miller, may show Plaintiffs are justly entitled.

Respectfully submitted,

By: /s/ Patrick C. McGinnis

Chad T. Wilson
Bar No. 24079587
Southern Bar No. 2246983
Patrick C. McGinnis
Bar No. 13631900

Southern Bar No. 20675
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy *Plaintiffs' Amended Complaint* has been forwarded to counsel of record via Certified U.S. Mail, facsimile, hand delivery, or CM/ECF system on this day, February 24, 2022:

John M. Causey
State Bar No. 04019100
Southern District Bar No. 23926
Wesley R. Ward
State Bar No. 24008235
HOPE & CAUSEY, P. C.
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Telephone
(936) 441-4674 – Facsimile
hcdocket@hope-causey.com

**ATTORNEYS FOR DEFENDANT**

/s/ *Chad T. Wilson*

13